**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| LIONELL G. MILLER, | : | |
| Petitioner, | : | Civil No. 08-2277 (KSH) |
| v. | : | |
| MICHELLE R. RICCI, et al., | : | **MEMORANDUM OPINION** |
| Respondents. | : | **AND ORDER** |

It appearing that:

1. The petitioner filed a petition seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254(a). See Docket Entry No. 1. In an order and accompanying opinion entered on August 2, 2010, this Court dismissed the petition with prejudice and denied a certificate of appealability. See Docket Entries Nos. 23 and 24. Presently before the Court is the petitioner's motion dated August 26, 2010, and received by the clerk of the court on September 1, 2010. See Docket Entry No. 25. The motion is seeking to extend the petitioner's time to file his notice of appeal. See id.

2. Section 2107(a), which establishes the time limit for filing a notice of appeal in a civil case, provides as follows: "Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days

after the entry of such judgment, order or decree." 28 U.S.C. § 2107(a); see also Fed. R. App. P. 4(a)(1) ("the notice of appeal . . . must be filed with the district clerk within 30 days after the judgment or order appealed from is entered"). Where a pro se prisoner files the notice of appeal, "the notice is timely if it is deposited [within the above-noted period of time] in the institution's internal mail system on or before the last day for filing." Fed. R. Civ. P. 4(c); see also Houston v. Lack, 487 U.S. 266 (1988) (pro se prisoner's notice of appeal is "filed" at the moment of delivery to prison officials for mailing to the court). This 30-day time limit is jurisdictional to the appeal. See Browder v. Director, Dept. of Corrections of Illinois, 434 U.S. 257, 264 (1978); United States v. Scarlata, 214 F. 2d 807, 808 (3d Cir. 1954). "The purpose of the rule is clear: [i]t is 'to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has ben made; and if it has not, to advise prospective appellees that they are freed of the appellant's demands. Any other construction of the statute would defeat its purpose'" Browder, 434 U.S. at 264 (quoting Matton Steamboat Co. v. Murphy, 319 U.S. 412, 415 (1943)).

3. Section 2107(c) permits the district court to extend the time for appeal upon a showing of excusable neglect or good cause,

    where appellant files a motion not later than 30 days after the expiration of the time for appeal. See 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(5)(A); see also In re Diet Drugs Prods. Litig., 401 F.3d 143, 154 (3d Cir. 2005); IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc., 788 F.2d 118, 122 n.2 (3d Cir. 1986).

4. Here, the Court's order dismissing the petition was entered on August 2, 2010, which means that the petitioner applied for extension of time during the period when he was still entitled to file his notice of appeal. See Dockets Entries Nos. 24 and 25. Moreover, the petitioner indicated that his request for extension was: (a) a result of his receipt of the Court's order with a delay, that is, on August 19, 2010; and (b) based on the petitioner's placement in administrative segregation, which entailed a limited access to the prison law library and legal material contain therein. See Docket Entry No. 25. Finally, the petitioner specified that he was seeking a modest thirty-day extension. See id.

5. In light of the petitioner's filing of his motion within the period during which the petitioner could have filed his notice of appeal as of right, the petitioner's unambiguous explanation as to the basis for his request and the modest extension sought, this Court finds it warranted to grant the requested extension.

IT IS, therefore, on this 20th day of September, 2010,

**ORDERED** that the clerk shall reopen this matter, for the purpose of the Court's examination of the petitioner's motion, by making a new and separate entry on the docket reading, "civil case reopened"; and it is further

**ORDERED** that the petitioner's motion, Docket Entry No. 25, is granted; and it is further

**ORDERED** that the petitioner's period to file his notice of appeal is extended so to expire by close of business on September 30, 2010; and it is further

**ORDERED** that the clerk shall serve this memorandum opinion and order upon the petitioner my certified mail, return receipt requested; and it is finally

**ORDERED** that the clerk shall close the file on this matter by making a new and separate entry on the docket reading "civil case terminated."

/s/ Katharine  S. Hayden
**Katharine S. Hayden, U.S.D.J.**